In the matter of the acquisition of land by The Pough-
keepsie and Eastern Railroad Company, from Francis
A. Palmer, claimant and appellant.

P. was the owner of a railroad, four or five miles in length, leading from and
appurtenant to, an iron ore bed owned by him, which road connected with
the Harlem railroad at B., where it terminated. The respondents constructed
a railroad extending from Poughkeepsie to B. At a point about two and a
half miles from B. they intersected or struck the road of P., and from thence
to B. had located upon, and proposed to take P.'s road-bed, embankment,
excavations, rails and ties, leaving him no outlet from his ore bed, except
by constructing a new road in place of the portion proposed to be taken.
The commissioners of appraisal appointed in proceedings by the respondents,
under the statute, to acquire the title to the land of P. proposed to be taken,
in their allowance of damages, named but two items, viz.; the value of the
land taken by the respondents, in its present condition, including grading
done thereon, and the value of the iron and ties constituting the track as at
present laid down; excluding damages arising from depreciation in value
of that part of P.'s railroad not taken; also damages to arise from any
depreciation in value of the ore bed by cutting off existing accommodations
for transporting ore; and damages arising from delay while the respondents
were using his road, and during the time required by P. to construct another
road, &c.

Held, on appeal from such appraisal, 1. That confining the damages to the
actual value of the land taken, and to the actual value of the ties and track
as at present laid down, was not that just compensation intended by the
constitution and the statute for the injury that the taking of the property,
for the purpose intended, would cause the land owner, and for all the injuries
he would suffer.

2. That if P.'s ore bed, and the remaining section of his railroad, were depre-
ciated in value by such taking, then he should have been allowed damages
for such depreciation.

APPEAL from the appraisal of commissioners appointed
in proceedings under the statute (*Laws of* 1850, *ch.*
139,) by a railroad company, to acquire the title to real
estate.

*J. W. Edmonds*, for the claimant.

*R. F. Wilkinson*, for the railroad company.

*By the Court*, P. POTTER, J.   The claimant, Palmer, was the owner of a railroad of four or five miles in length, leading from, and appurtenant to, an iron ore bed, and extending from said ore bed to a place called Boston Corners, in the county of Columbia, at a place where it terminates, or connects with the Harlem railroad.   The respondents have constructed their railroad extending from Poughkeepsie to the Connecticut line, at or near Boston Corners; and, at a point about two and a half miles from Boston Corners they intersect or strike the railroad of the appellant, and from thence to Boston Corners, have located upon, and propose to take, the appellant's railroad, bed, embankment, excavations, rails and ties; and the proceedings before us, are an appeal from the appraisal of commissioners appointed by proceedings under the statute.(*a*)

Though various questions were raised against the legality of the proceedings, the ground upon which the court have been moved to reverse the appraisal is the apparent injustice of the appraisement.   At one terminus of the appellant's railroad he owns a valuable iron ore bed, from which 20,000 tons of ore can be taken annually.   The engineer of the respondents testified, on the appraisal, among other things, as follows:  " We could have made our line without touching Palmer's, but we used Palmer's because it was for the interest of our railroad."   " To take this road would be a great saving to us of time in building our road.   This is the principal reason for taking it."  " Palmer has now, by means of his railroad, access from his mine to the Harlem railroad.   He will not have access, after the Poughkeepsie and Eastern road is built, except by highway and by our railroad.   The entire length of Palmer's railroad is $4\frac{1}{4}$ miles.   We take 2 47-100 miles. Palmer can build another road parallel with the present one, for the use of his mine.   To build and complete such new road would cost $12,000 a mile."

(*a*) *Laws of* 1850, *ch.* 139, §§ 13, 14, 18.

Matter of Poughkeepsie and Eastern Railroad Company.

One Norton, on the part of the appellant, testified, "that with the present facilities of working the mine there would be a profit of $1,00 a ton," and he says he made "an offer of a royalty of 75 cents a ton, to the owner. Without the facilities of railroad transportation, the mine would be worth nothing." There was conflicting evidence of the value of the property, and the commissioners certify to their own view of the property. But in their allowance of damages they name but two items, to wit, the value of the land taken by the company in its present condition, including grading done thereon,   .   .   .   $9,451

Value of iron and ties constituting track as at
  present laid down,   .   .   .   .   .   13,049

        Total,   .   .   .   .   .   .   $22,500

This finding excludes the idea of damages arising from depreciation in value of that part of the appellant's railroad not taken; also from any possible depreciation to the ore bed by cutting off existing accommodations for transporting ore; also from delay while the respondents are using his road, and in the time required to construct another road by appellant, and other considerations, from which he must be damaged.

Confining the damages, as these appraisers have, to the actual value of the land taken, and to the actual value of the ties and track as at present laid down, it is not, in our opinion, that just compensation intended by the constitution and the statute, for all the injury that the taking of the property for the purpose intended, will cause the land owner, and for all the injuries which he will suffer. Such taking, it is clear, must necessarily affect injuriously the remainder of the appellant's railroad which is not taken. It is clearly shown that he cannot use that, without constructing another track from it to his ore bed, and this will cost him far more (as the evidence discloses) than is allowed him for the portion taken. It is clear that his ore

bed must be diminished in value, by the taking this section of his railroad which is appurtenant to it; and for these injuries no damages have been awarded. The legislature surely did not intend that these injuries should be borne by the land owner. If the appellant's ore bed, and the remaining section of his railroad are depreciated, by this taking, then he should have been allowed for such depreciation. This has not been done. I think, therefore, that for this reason alone, without passing upon the other objections, the determination and report of the commissioners should be set aside, the commissioners discharged, and a new commission appointed to appraise all the damages the appellant will sustain, with $10 costs.

Ordered accordingly.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, May 7, 1872. *Miller, P. Potter* and *Balcom,* Justices.]