## In re SQUIRE.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

EMINENT DOMAIN—COMPENSATION—CONTIGUOUS LANDS.

Under Laws N. Y. 1883, c. 490, authorizing the construction of the new aqueduct, and providing that the owner of lands contiguous to land taken, "which may be affected by the construction and maintenance" of the aqueduct and its appurtenances, may present a bill for damages, damages cannot be recovered for injury to contiguous lands by reason of the noise, dust, and smoke made by the building of the aqueduct.

Appeal from special term, Kings county.

An appeal by Asbury Lester from an order confirming the report of the commissioners of appraisal disallowing his claim for damages to his contiguous real estate from the construction and maintenance of the new aqueduct.

Argued before BARNARD, P. J., and DYKMAN, J.

*George C. Coffin,* for appellant.   *W. H. Clark,* for respondent.

BARNARD, P. J. The appellant, Asbury Lester, presented a claim for damages to his property in the city of New York contiguous to lands actually taken for the purpose of a public aqueduct, under chapter 490, Laws 1883. The Lester property, for which the damages were claimed, was not a part of a lot taken, but was only adjacent after the land of other owners was taken. The act requires the commissioners of public parks to make maps on which shall be numbered the various parcels of land "on, over, or through which the same are to be construc'ed and maintained, or which may be necessary for the prosecution of the work authorized by this act." Section 4. Commissioners appointed to appraise the damages are "to ascertain and appraise the compensation to be made to the owners and all persons interested in the real estate laid down on said maps as proposed to be taken or affected for the purpose indicated in this act." Section 8. By section 11 the commissioners are to report such damages to the court. The act provides that the owner of lands contiguous to land taken "which may be affected by the construction and maintenance" of the aqueduct and its appurtenances may present a bill for his damages. The question, therefore, is whether an owner of land whose lands are contiguous to the aqueduct, and whose only injury to his land is the noise, dust, and smoke made by the building of the aqueduct, can recover damages. Such damage we think is not within the act. The language is similar to that used in the general railroad act. The railroad company was authorized to obtain a title to lands, and compensation was to be made for the title. The rule of damages established by this act was held to be the value of the land taken and the diminution of value occasioned by the taking for the piece remaining after the railroad strip was taken in addition. *In re Poughkeepsie, etc., R. Co.,* 63 Barb. 151; *Railroad Co.* v. *Barnard,* 9 Hun, 104; *In re New York, etc., R. Co.,* 27 Hun, 151. The aqueduct case increases the area of damages, but not so as to take in the appellant's claim. The act provides that water-rights may be taken, and the construction of the aqueduct may interfere with, injure, or destroy water-rights, such as streams diverted and wells drained by the construction of the work itself, although the stream was not needed nor the well intentionally drained. This and similar damages are intended to be embraced in the clause of section 18, c. 490, Laws 1883, which provides for payment to "any owner or person interested in real estate contiguous thereto," after providing for damages for lands taken. If the work of building the aqueduct was properly done, under legislative authority, the city was only liable for acts done unskillfully or negligently. *Bellinger* v. *Railroad Co.,* 23 N. Y. 42; *Moyer* v. *Railroad Co.,* 88 N. Y. 357. The finding of the commissioners that the claim of the appellant is not within the act is therefore affirmed, with costs.